**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT LOUISVILLE**
**CIVIL ACTION NO. 3:08CV-64-S**

**RAHSAAN BRANDON DARDEN**                                                              **PLAINTIFF**

**v.**

**THE UNION**                                                                                          **DEFENDANT**

**MEMORANDUM OPINION**

Plaintiff, Rahsaan Brandon Darden, filed this *pro se* civil action against "the Union." The complaint is nothing more than a grouping of disjointed and incomprehensible sentence fragments. Nowhere in the complaint is the Court able to find a coherent statement of Plaintiff's cause of action or the basis of his suit.

The Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519 (1972). The duty to be less stringent with *pro se* complaints, however, "does not require [the Court] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979)(citation omitted), and the Court is not required to create a claim for the *pro se* Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the "courts to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

It is axiomatic that federal district courts are courts of limited jurisdiction, and their powers are enumerated in Article III of the Constitution. *Kokkonen v. Guardian Life Ins. Co. of*

*Am.*, 511 U.S. 375, 377 (1994); *Hudson v. Coleman,* 347 F.3d 138, 141 (6th Cir. 2003) ("[I]t is well established that federal courts are courts of limited jurisdiction, possessing only that power authorized by the Constitution and statute."). "Jurisdiction defines the contours of the authority of courts to hear and decide cases, and, in so doing, it dictates the scope of the judiciary's influence." *Douglas v. E.G. Baldwin & Assoc. Inc.*, 150 F.3d 604, 606 (6th Cir. 1998), *overruled on other grounds, Cobb v. Contract Transp., Inc.*, 452 F.3d 543, 549 (6th Cir. 2006) . The party that seeks to invoke a federal district court's jurisdiction bears the burden of establishing the court's authority to hear the case. *Kokkonen*, 511 U.S. at 377. Moreover, federal courts have an independent duty to determine whether they have jurisdiction and to "police the boundaries of their own jurisdiction." *Douglas,* 150 F.3d at 607 (quoting *Ebrahimi v. City of Huntsville Bd. of Ed.*, 114 F.3d 162, 165 (11th Cir. 1997)). A district court has authority to dismiss a complaint under Fed. R. Civ. P. 12(b)(1) "when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn,* 183 F.3d 477, 479 (6th Cir. 1999) (citing *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) (citing numerous Supreme Court cases for the proposition that patently frivolous, attenuated, or unsubstantial claims divest the district court of jurisdiction)).

      Consistent with *Apple v. Glenn*, the Court finds that the instant action warrants *sua sponte* dismissal for lack of subject matter jurisdiction, because the allegations in Plaintiff's

complaint "are totally implausible, attenuated, insubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple*, 183 F.3d at 479.

The Court will enter a separate order of dismissal.

Date:

cc: Plaintiff, *pro se*

4411.008